IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 19-39 |
| MATT JONES | : | |

**MEMORANDUM**

**SURRICK, J.**                                                            **JANUARY 27, 2022**

Presently before the Court is Defendant Matt Jones' Motion to Dismiss Indictment with

Prejudice for Violation of the Speedy Trial Statute, 18 U.S.C. § 3161 (ECF No. 137) and the

Government's Response in Opposition thereto (ECF No. 139).  For the following reasons, the

Motion will be denied.

**I.      BACKGROUND**

Though the procedural posture of Jones' Motion to Dismiss is uncommon, the issues

before us are clear enough.  Jones asserts that the date set for his retrial violates the Speedy Trial

Act, 18 U.S.C. § 3161, and that the indictment against him should be dismissed with prejudice.

The Government counters with several arguments, including that the Act does not apply to the

nuanced procedural posture of this case.  Even if the Speedy Trial Act applies to the current

posture, Jones has failed to show a violation of the Act.  Therefore, the Motion will be denied.

Following a three-day trial in October of 2019, a jury found Jones guilty of seven counts

related to heroin trafficking and illegal gun possession.  In March of 2020, Jones filed an appeal.

While Jones' appeal was pending, the Government conceded that police officers violated Jones'

fourth amendment rights when they seized evidence from his residence in July of 2018.  Officers

falsely told Jones that they were responding to a 911 call from a woman inside.  Once inside the

residence, the officers saw drug paraphernalia and a gun.  Officers then obtained a search warrant and seized nearly a half-kilogram of heroin, significant amounts of cocaine and marijuana, several guns, money counters, and over $100,000 in cash.  This evidence formed the bases of Counts 2, 3, and 4 (possession with intent to distribute over 100 grams of heroin, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a convicted felon).  It also supported Count 1 (conspiracy to distribute 100 grams or more of heroin).  In addition to the physical evidence, the officers found one of Jones' associates, Carol Lucy, at the residence.  Jones sought to suppress the evidence from his residence before his first trial, but the suppression motion was denied on the grounds that Jones consented to the officers' entry into his home.  (ECF No. 58.)

After the Government changed its position on the evidence from Jones' residence but before the Third Circuit ruled on the merits, the Government filed a motion requesting summary reversal and remand.  The Third Circuit granted the Government's request.  It issued its formal Mandate doing so on April 21, 2021.  (ECF No. 123.)

Though the Government's request stated that "[f]urther issues, regarding whether a new trial is warranted and regarding which charges, should be addressed on remand," neither party filed any motions for nearly six months after the Third Circuit issued its Mandate.  On September 8, 2021, after consulting with all counsel, the Court scheduled Jones' retrial for February 7, 2022.  On October 14, 2021, the Government filed a motion arguing that a new trial was not necessary for Counts 5, 6, and 7 because they were unrelated to and untainted by the illegally obtained evidence.  These three counts alleged that Jones distributed heroin to a cooperating witness through two associates, Carol Lucy and Taylor Wood.  The three controlled purchases occurred several months prior to the officers' entry into Jones' residence.  In the first

two controlled purchases, Lucy sold heroin to a cooperating witness in Cherry Hill, New Jersey. In the third controlled purchase, Wood sold heroin to the same witness at the Franklin Mills Mall in Pennsylvania. Lucy and Wood both testified against Jones. These purchases form the bases of Counts 5, 6, and 7 for distribution of heroin (sales in January, February, and March of 2018).

Before responding to the Government's motion to resentence Jones on Counts 5, 6, and 7 without a new trial, Jones' counsel filed a motion to withdraw on November 26, 2021. In his motion, counsel explained that, until recently, Jones was detained in South Carolina. (Def.'s Counsel's Mot. To Withdraw at ¶¶ 13-14, ECF No. 131.) Counsel stated that he had not been able to meet with Jones to "discuss the Government's most recent [resentencing] motion, a potential re-trial, and other potential strategies as well as the decision whether undersigned counsel will continue to represent the Defendant going forward." (*Id*.) On December 8, 2021, a hearing was held. Counsel's motion was denied at the hearing. (ECF No. 134.)

Jones responded to the Government's motion to resentence him on three counts without a new trial on December 31, 2021. On the same day, Jones filed the motion now before the Court seeking to dismiss the indictment with prejudice on Speedy Trial Act grounds. The Government filed a reply to Jones' opposition to its resentencing motion on January 13, 2022. On January 25, 2022, less than two weeks after the last submission on the issue, the Government's request to resentence Jones without a new trial was denied.

Aside from the complexities of this case, the world at large has had to contend with the complexities of COVID-19. Federal courts are no exception. On March 13, 2020, Chief Judge Sanchez issued a standing order suspending criminal trials in the Eastern District of Pennsylvania. *See* Standing Order on March 13, 2020. This Standing Order also suspended

operation of the Speedy Trial Act.  *Id.*  In the months that followed, this Standing Order was

updated to reflect conditions on the ground.  *See* Standing Order on June 7, 2021.  The last

update on June 7, 2021, excluded time for Speedy Trial Act purposes through September 7,

2021.  *Id.* at 3, 5-6.  As such, all time from March 13, 2020, through September 7, 2021, was

excluded in the Eastern District of Pennsylvania for purposes of the Speedy Trial Act.  *Id.*

## II.   LEGAL STANDARD

"[T]he [Speedy Trial] Act recognizes that criminal cases vary widely and that there are

valid reasons for greater delay in particular cases."  *Zedner v. United States*, 547 U.S. 489, 497

(2006).  Subsection (e) of the Act addresses retrial following an appeal.  *See* 18 U.S.C.

§ 3161(e).  This section states:  "If the defendant is to be tried again following an appeal . . . the

trial shall commence within seventy days from the date the action occasioning the retrial

becomes final[.]"  *Id.*  It further provides that retrial can occur within one hundred and eighty

days from the date occasioning retrial "if unavailability of witnesses or other factors . . . make

trial within seventy days impractical."  *Id.*  For subsection (e), the time period begins when the

court of appeals issues its mandate.  *United States v. Felton*, 811 F.2d 190, 198 (3d Cir. 1987).

However, there are "certain events or occurrences [that] 'stop' the seventy-day speedy

trial clock."  *United States v. Williams*, 917 F.3d 195, 200 (3d Cir. 2019).  Subsection (h)

enumerates periods of exclusion for the computation of time under the Act.  *See also Zedner*, 547

U.S. at 497 ("To provide the necessary flexibility, the Act includes a long and detailed list of

periods of delay that are excluded in computing the time within which trial must start.").  These

periods of exclusion apply to subsection (e).  *See* § 3161(e).

One period of exclusion covers the filing and disposition pretrial motions.  *See*

*Henderson v. United States*, 476 U.S. 321, 328-31 (1986) ("The provisions of the [Speedy Trial]

4

Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion."); *see also United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) ("Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of Section 3161(h)(1)(F) and creates excludable time, even if it does not in fact delay trial.").[1] For pretrial motions that do not require a hearing, the Act excludes the time from when a party files the motion until thirty days after the Court receives all the papers it reasonably expects to receive. *Henderson*, 476 U.S. at 328-30. *See also Williams*, 917 F.3d at 203 ("In *Henderson*, the Supreme Court held that 'prompt disposition' of a motion—as referred to in the predecessor to section 3161(h)(1)(D)—must be interpreted with reference to the thirty-day limitation contained in the predecessor to section 3161(h)(1)(H), such that 'prompt disposition' must be interpreted to mean disposition of a motion within thirty days of that motion's being 'under advisement' by a court.").

A defendant bears the burden to support an alleged violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2).

## III.   DISCUSSION

Jones asserts a statutory violation of his speedy trial rights, not a constitutional violation. In doing so, he provides several inconsistent starting points for when his rights were violated under the Speedy Trial Act. In his Motion, Jones asserts that the date of his retrial violates the Act because his retrial is set for a date more than seventy days after the Third Circuit's reversal of his conviction. (*See* Def's Mot. to Dismiss at ¶ 27, ECF No. 137.) However, in his supporting memorandum of law, he argues that the Act was violated when the Government filed

---

[1] Section 3161(h)(1)(F) is the predecessor to today's section 3161(h)(1)(D). The text of the provisions is the same. *See, e.g., Williams*, 917 F.3d at 203 (stating that the provision analyzed in *Henderson* is the predecessor to today's § 3161(h)(1)(D)).

its motion for summary reversal and remand on March 9, 2021.  (*See* Def's Memo of Law at 1-3, ECF No. 137.) ("That decision to concede the illegality of the search in question . . . ultimately drives the analysis for this Speedy Trial Calculation.")  Jones then proposes a third date from which the Court should analyze his claims under the Act, May 2, 2019, the date of the hearing on Jones' motion to suppress.  (*Id.* at 3.)  Finally, Jones suggests that we can "use either the date of the [suppression] hearing . . . or at the latest, the beginning of trial, October 7, 2019."  (*Id.*)  Two of Jones' suggested starting dates are during the time that Jones elsewhere states no violations of the Act occurred.  (*See id.* at 1.) ("The Defendant respectfully suggests that once the Defendant was indicted and arraigned, all proceedings prior to, and including trial, were completed consistent with the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.")  Jones does not cite to any provisions of the Act or case law for these possible start dates for Speedy Trial calculations.

The Government responds that the Speedy Trial Act does not apply to the procedural posture of this case.  On the Government's reasoning, we are in a state in which the Third Circuit has issued a mandate for summary reversal and remand, but a new trial is not necessarily required, and therefore the Speedy Trial Act does not apply.  In the Government's motion to the Third Circuit requesting summary reversal and remand, it wrote:  "Further issues, regarding whether a new trial is warranted and regarding which charges, should be addressed on remand." (Gov't's Mot. at 1.)  The Government's view is that until this Court ruled on its motion to resentence Jones without a new trial, subsection (e) of the Act could not apply because Jones' convictions were not vacated.  The Government filed its response to Jones' Motion to Dismiss prior to the Court's Order that denied the Government's request to resentence Jones without a

new trial.  In support of its argument that the Speedy Trial Act does not apply to the posture of this case, the Government cites *Betterman v. Montana*, 578 U.S. 437 (2016).

The question in *Betterman* was whether a defendant's constitutional right to a speedy trial applies during the sentencing phase of a criminal prosecution.  *Id.* at 439.  The Supreme Court held that the sixth amendment's speedy trial protection applies from arrest or indictment through trial but not to the period after a guilty verdict or guilty plea until sentencing.  *Id.*  In *Betterman*, all the delays about which the defendant complained occurred before the defendant appealed.  *Id.* at 440.  In addition, in a footnote that followed the Court's statement of its holding, the Supreme Court wrote:  "Nor do we decide whether the [Speedy Trial Clause] reattaches upon renewed prosecution following a defendant's successful appeal, when he again enjoys the presumption of innocence."  *Id.* at 441 n. 2.  In short, *Betterman* does not resolve the issue of whether the Speedy Trial Act applies to Jones in the current posture of this case.

Even assuming the Speedy Trial Act does apply to Jones, he has failed to establish a violation of the Act.  The applicable section would be subsection (e) because Jones' retrial follows his appeal.  Under this section of the Act, the clock starts running from the date of the appellate court's mandate.  *Felton*, 811 F.2d at 198.  Here, that date is April 21, 2021.  But, as outlined above, a standing order in this district suspended the application of the Act through September 7, 2021.  *See* EDPA Standing Order on June 7, 2021, at 3, 5-6.  Therefore, the clock for Jones' retrial started to run on September 8, 2021.

On October 14, 2021, thirty-seven days after the clock started to run, the Government filed its motion to resentence Jones on three counts without a new trial.  This motion stopped the clock until the Court received all necessary papers from the parties and took the motion under advisement.  *Henderson*, 476 U.S. at 328-31; *see also Williams*, 917 F.3d at 203; *Felton*, 811

F.2d 190, 197 (finding that, under *Henderson*, the nearly nine months between the filing of a motion and the final submission necessary prior to the court's decision were excluded for purposes of the Speedy Trial Act).

Here, the Court took far less time to dispose of the relevant motion, and any delays are largely attributable to when Jones filed his response to the Government's motion.  Moreover, this Court first had to resolve whether Jones would be represented by counsel and, if so, who that counsel would be.  After that issue was resolved, Jones filed his response to the Government's motion.  The Government filed its reply two weeks after that, and the Court officially took the motion under advisement on January 14, 2022.  *Id*.  The Court then promptly disposed of the Government's Motion to Resentence on January 25, 2022—twelve days after receiving all necessary papers and well within the thirty days provided for in the Act.  *See Henderson*, 476 U.S. at 328-31.  We therefore find that the time between when the Government filed its motion on October 14, 2021, and when the Court disposed of that motion on January 25, 2021, are excluded under § 3161(h)(1)(D) and § 3161(h)(1)(H).  Thirty-seven days elapsed between September 7, 2021, and when the Government filed its motion on October 14, 2021.  We are now eleven days away from the scheduled retrial, which means that a total of forty-eight days will have elapsed before Jones' retrial following an appeal—well under the seventy days required by § 3161(e).

Because we find that Jones' rights under the Speedy Trial Act have not been violated, we do not address his argument that the indictment should be dismissed with prejudice because of the Government's alleged bad faith, or the Government's argument as to Jones' purported waiver of the Act.

IV.     **CONCLUSION**

For the foregoing reasons, Jones' Motion to Dismiss Indictment with Prejudice for

Violation of the Speedy Trial Statute, 18 U.S.C. § 3161 is denied.  An appropriate Order follows.

**BY THE COURT:**


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**